J-A22014-25
J-A22015-25

2026 PA Super 5

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|

v.

BRYAN ROBERT FREEMAN

Appellant : No. 1007 EDA 2024

Appeal from the Judgment of Sentence Entered February 29, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001077-1995

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|

v.

DAVID JONATHAN FREEMAN

Appellant : No. 1308 EDA 2024

Appeal from the Judgment of Sentence Entered February 27, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0001078-1995

BEFORE:   LAZARUS, P.J., SULLIVAN, J., and STEVENS, P.J.E.[*]

DISSENTING OPINION BY STEVENS, P.J.E.:        **FILED JANUARY 9, 2026**

Respectfully, I would find that Judge Reichley did not commit an abuse of discretion in declining to recuse himself. I would affirm citing to the **Williams**, **supra**, standard based on four distinguishing factors.

First, there are separate defendants in this case. In **Williams**, Justice Castille prosecuted Terrance Williams and then later ruled on the same

_____

[*] Former Justice specially assigned to the Superior Court.

defendant's appeal as a member of the state supreme court. Here, Judge Reichley prosecuted an unrelated copycat, Howorth, and wrote an appellate brief against a codefendant, Birdwell. Neither of these defendants are the Freeman brothers.

Second, there was no direct involvement in the original conviction as then-ADA Reichley. In **Williams**, the United Stated Supreme Court held, "The Constitution requires recusal where a judge had *prior significant personal involvement* as a prosecutor in *a critical decision* regarding the *defendant's case*." **Williams**, 579 U.S. at *8 (emphasis added). There, the risk of bias was found to be unacceptable when Justice Castille personally approved the decision to seek the death penalty and ruled on the appeal in the very same case he prosecuted. In the instant case, Judge Reichley had no direct involvement, let alone prior significant personal involvement, in the prosecution and conviction of either Freeman brother or their cousin and co-defendant, Birdwell.

Third, Judge Reichley did not make a critical decision in Birdwell's case. In **Williams**, the authorization of the death penalty was a critical decision. Here, then-ADA Reichley represented the Commonwealth in writing an appellee's brief in response to Birdwell's appellate brief. The mere writing of an appellate brief without any prior involvement is not the type of "critical decision" contemplated in **Williams**.

Fourth, the timing of the involvement was tenuous. In **Williams**, Justice Castille acted as a prosecutor and then a Judge within the life cycle of Williams'

case. Here, Judge Reichley's resentencing in the Freeman case occurred 29 years after prosecuting the copycat, Howorth, and 25 years after writing the brief in Birdwell's appeal.

In sum, Reichley never personally handled or made critical decisions in the case of the Freeman brothers whom he resentenced. His involvement in related but separate proceedings—the copycat case and the cousin's appeal—is not enough to meet the **Williams** test. The passage of decades and the indirect, procedural nature of the involvement, *i.e.*, writing one brief, overcomes any claim of the appearance of personal bias.

Additionally, the resentencing issue in Freeman's case was distinct from the issue Birdwell raised on appeal which then-ADA Reichley addressed in the brief 25 years ago. Bridwell was an adult at the time of the murders; thus, in writing the Commonwealth brief, Reichley would not have been concerned with—and would not have needed to consider, research, or address—any issues related to sentencing a *minor* who committed the Freeman parents' murder.

Judge Reichley's role was disconnected in time, disconnected in party, and disconnected in function. In the interest of not wasting judicial resources and for these reasons enunciated *supra* I would affirm.